# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS


EUGENE KENNEY,

        Plaintiff,

       v.                  CASE NO.  10-3183-SAC

(fnu) DAVIS, Captain,
CCA-Leavenworth,

        Defendant.

## O R D E R

This civil complaint was filed pro se by an inmate of the Federal Medical Center, Lexington, Kentucky.  Plaintiff sues Captain Davis, an employee at the CCA-Leavenworth.  The "CCA" is a private prison operated by the Correctional Corporation of America (CCA). Plaintiff alleges that defendant was not acting in an official capacity as an employee of the United States; however, he also alleges that the CCA contracts with the Government.

As factual support for this complaint, Mr. Kenney alleges as follows.  Another inmate, Mr. H, and plaintiff "had a seperatee (sic) between" them, and had been separated for 11 months.  On January 19, 2010, defendant Captain Davis put Mr. Hall in the same holding cell as plaintiff, knowing they were not supposed to be together.  Mr. H called plaintiff a bitch and plaintiff called Mr. H a snitch, and plaintiff was "brutally and violently beaten" by Mr. H.  Plaintiff still suffers pain from this incident and takes "codien (sic)." Plaintiff has had a metal plate in his head for the past 28 years due to an accident and has been partially paralyzed. He was in a wheelchair at the time of the attack by Mr. H. Defendant Davis went to the video monitor and watched the attack

before running up with another officer who got Mr. H off plaintiff. Plaintiff asserts that his rights under the Eighth and Fourteenth Amendments were violated, and seeks damages.

### AMENDMENT TO COMPLAINT

Since filing his complaint, Mr. Kenney has submitted correspondence to the Clerk, in which he states that due to bad memory and headaches since the beating, he "made a mistake" in alleging that Mr. Davis caused the beating, and now remembers that it was "actually Captain Allen who put (Mr. H) in the same holding cell." Plaintiff must inform the court if his intent is to dismiss Captain Davis as defendant in this suit and name Captain Allen as the only defendant. Generally, any change in defendants must be made by the plaintiff filing a complete "Amended Complaint." However, if this is plaintiff's intent and sole change, the court will liberally construe the complaint to show this change if plaintiff properly responds to this Order.

### FILING FEE

The fee for filing a civil rights complaint in federal court is $350.00. Plaintiff has neither paid the fee nor filed an Application to Proceed Without Prepayment of Fees. He has attached a note to the clerk stating that he contacted his bank but a freeze has been put on his account. In response to his inquiry, this court cannot contact his bank for him. Nor may he raise any claim regarding his bank account by complaining in an attachment to his complaint on this entirely unrelated matter.

Before this action may proceed, Mr. Kenney must either pay the

filing fee in full or submit a Motion to Proceed Without prepayment of Fees upon forms provided by the court.  A prisoner seeking to bring a civil action without prepayment of fees must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).  In addition, § 1915 requires that a prisoner seeking such leave submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  It is the plaintiff's obligation to obtain and provide the requisite financial information to this court.  Plaintiff is forewarned that under § 1915(b)(1), being granted leave to proceed without prepayment of fees will not relieve him of the obligation to pay the full amount of the filing fee.  Instead, it merely entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).[1]  Plaintiff will be given time to satisfy the filing fee in one of these two ways, and is notified that if he fails to either pay the filing fee in full or submit a motion and financial information that complies with the provisions of 28 U.S.C. § 1915 in the time allotted, this action may be dismissed without further notice.

**SCREENING - FAILURE TO EXHAUST**

---

[1]      Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

Because Mr. Kenney is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for failure to exhaust prison administrative remedies.

Plaintiff states in his Complaint that he has not exhausted administrative remedies. He attempts to excuse his failure to exhaust by stating "this is not a BOP issue." However, plaintiff is incorrect that exhaustion of administrative remedies is not required in this case on this basis. Prisoners are required by statute to exhaust all available prison grievance procedures, whether BOP procedures or CCA procedures, before filing suit in federal court. See 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 202 (2007). Plaintiff will be given time to show cause why this action should not be dismissed, without prejudice, due to his failure to exhaust administrative remedies prior to filing this complaint.

If plaintiff fails to comply with this Order by satisfying the filing fee prerequisite and showing cause within the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted twenty (20) days to satisfy the filing fee by either paying the fee in full or submitting a properly supported motion to proceed without prepayment of fees, and to show cause why this action should not be dismissed for failure to exhaust prison administrative remedies.

**IT IS FURTHER ORDERED** that within the same twenty (20) day

4

period plaintiff must inform the court if the intent of his "Supplement" is to dismiss this action as against defendant Captain Davis, and to amend his complaint to name Captain Allen as the sole defendant in this action.

**IT IS SO ORDERED**.

Dated this 13th day of October, 2010, at Topeka, Kansas.



s/Sam A. Crow
U. S. Senior District Judge