# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EUGENE KENNEY,

                **Plaintiff,**

           **v.**                          **CASE NO.  10-3183-SAC**

CAPTAIN ALLEN,
CCA-Leavenworth,

                **Defendant.**

## O R D E R

Plaintiff herein has alleged defendant's failure to protect him from a beating by another inmate, deliberate indifference to his safety, and denial of medical treatment.  He seeks compensatory and punitive damages.  On October 13, 2010, the court screened the complaint and issued an order requiring plaintiff to take steps to satisfy the filing fee, to show cause why this action should not be dismissed for failure to exhaust prison administrative remedies, and to amend his complaint to name the intended defendant.

In response, Mr. Kenney has filed an Amended Complaint naming the intended defendant (Doc. 5) and a Motion for Leave to Proceed in forma pauperis (Doc. 6).  Having examined these pleadings, the court finds as follows.

Plaintiff has provided financial information for a six-month period following his transfer to a federal prison.  Under 28 U.S.C. § 1915(b)(1), a plaintiff granted such leave is not relieved of the obligation to pay the full fee of $350.00 for filing a civil action.  Instead, being granted leave to proceed in forma pauperis merely entitles an inmate to proceed without prepayment of the full fee, and to pay the filing fee over time through payments deducted

automatically from his inmate trust fund account as authorized by § 1915(b)(2).  Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing a civil action.  Having examined the records of plaintiff's account as provided, the court finds the average monthly deposit to plaintiff's account is $ 22.77, and the average monthly balance is $ 5.11.  The court therefore would assess an initial partial filing fee of $ 4.50, twenty percent of the average monthly deposit, rounded to the lower half dollar, if this action survived screening.

However, the court finds that this action must be dismissed for the reason that plaintiff has not shown sufficient cause for his failure to exhaust administrative remedies prior to filing his complaint.  Exhaustion of administrative remedies is required by federal statute.  See 42 U.S.C. § 1997e; see Woodford v. Ngo, 548 U.S. 81 (2006).  Section 1997e(a) "Applicability of administrative remedies" plainly provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Id.  In his Response, plaintiff admits that he did not exhaust, and claims he was unaware of or misled as to the exhaustion prerequisite.  However, these bald statements are not adequate to show exceptional circumstances that might excuse his failure to exhaust.

**IT IS THEREFORE ORDERED** that this action is dismissed and all relief is denied, without prejudice, for the reason that plaintiff did not exhaust prison administrative remedies prior to filing.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 6) is granted for the sole purpose of dismissing this action, and no partial or full fee is assessed at this time.[1]

**IT IS FURTHER ORDERED** that plaintiff's Motion for Relief (Doc. 4) is denied as moot.

**IT IS SO ORDERED.**

Dated this 18th day of November, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

[1] Plaintiff's allegations indicate he initiated the grievance process after the court's screening order required that he show exhaustion; however he makes no showing that he has completed that process on all his claims. He may file a new civil rights complaint once he has satisfied the exhaustion prerequisite. He is forewarned that a two-year statute of limitations applies to civil rights actions, and reminded that any new complaint must be filed upon forms provided by this court.