```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**EUGENE KENNEY,**

                         **Plaintiff,**

          **v.**                       **CASE NO.  10-3183-SAC**

**CAPTAIN ALLEN,**
**CCA-Leavenworth,**

                         **Defendant.**

## O R D E R

This civil complaint was dismissed, without prejudice, and all relief was denied by Order entered November 18, 2010.  On April 21, 2011, plaintiff submitted a document with no caption, case number, or title in which he asks the court to allow him to continue this suit.  The clerk docketed this correspondence as plaintiff's Motion for Reconsideration (Doc. 9).

"Parties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60(b)."  D.Kan. Rule 7.3.  The Tenth Circuit Court of Appeals has discussed "self-styled" motions to reconsider as follows:

> A motion for reconsideration, not recognized by the Federal Rules of Civil Procedure, Clough v. Rush, 959 F.2d 182, 186 n. 4 (10th Cir. 1992), may be construed in one of two ways: if filed within 10 days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than 10 days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b).

Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d

1292, 1296 n. 3 (10th Cir. 2002).[1]  Rule 59(e) was amended in 2009 to change the time frame to 28 days.  Petitioner's Motion for Reconsideration was filed 5 months after entry of judgment in this matter.  Accordingly, it is liberally construed as a motion for relief from judgment under Fed.R.Civ.P. Rule 60(b).  Weitz v. Lovelace Health System Inc., 214 F.3d 1175, 1178 (10th Cir. 2000).

The Supreme Court has held that "a movant seeking relief under Rule 60(b)(6) . . . [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005)(citation omitted); Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1242 (10th Cir. 2006)(citations omitted)(Relief under Rule 60(b) is "extraordinary and may be granted only in exceptional circumstances.").  A Rule 60(b) motion is not a vehicle to rehash or restate arguments previously addressed or to present new legal theories or supporting facts that could have been included in earlier filings. Wilkins v. Packerware Corp., 238 FRD 256, 263 (D.Kan. 2006), aff'd 260 Fed.Appx. 98 (10th Cir. 2008)(citing Brown v. Presbyterian Healthcare Servs., 101 F.3d 1324, 1332 (10th Cir. 1996); Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  Nor is it to be used as a substitute for appeal.  Id.; Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576-77 (10th Cir. 1996).  The party seeking relief from a judgment

---

[1] The Tenth Circuit further explained:

> The distinction is significant because a Rule 59(e) motion tolls the thirty-day period for appeal while a Rule 60(b) motion does not. Id. Thus, "an appeal from the denial of a motion to reconsider construed as a Rule 59(e) motion permits consideration of the merits of the underlying judgment, while an appeal from the denial of a Rule 60(b) motion does not itself preserve for appellate review the underlying judgment." Id. (citing multiple cases).

Id. at *2.

2

bears the burden of demonstrating that he satisfies the prerequisites for such relief. Van Skiver v. U.S., 952 F.2d 1241, 1243-44 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992). "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment."[2] Id. at 1244; Cashner 98 F.3d at 576-77.

    Mr. Kenney does not identify a subsection of Rule 60(b) as the basis for his motion. The few facts he alleges in his motion do not show "mistake, inadvertence, surprise or excusable neglect" that would warrant relief under Rule 60(b)(1). He does not cite any "newly discovered evidence" that could entitle him to relief under Rule 60(b)(2). He does not allege any facts showing "fraud, misrepresentation, or misconduct" that would justify relief under Rule 60(b)(3). He alleges no facts suggesting that the prior judgment is "void" and that relief is therefore available under Rule 60(b)(4). Nor has he shown that the prior dismissal "has been satisfied, released or discharged" warranting relief pursuant to Rule 60(b)(5). It thus appears that the "catchall" provision in Rule 60(b)(6) provides the only plausible basis for plaintiff's

---

[2] Rule 60(b) provides in pertinent part that the court may relieve a party from a final judgment for the following reasons:

>Rule 60(b) provides in pertinent part that the court may relieve a party from a final judgment for the following reasons:
>
>(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

request for relief from the Order dismissing this action.

Having carefully considered Mr. Kenny's motion, the court finds that he has failed to identify any "extraordinary circumstances" that warrant relief under Rule 60(b)(6). As the basis for this motion, he claims that the court erred in holding he was required to exhaust administrative remedies prior to filing his complaint in federal court. In support, he cites two cases for the proposition that exhaustion is not required in a Bivens action seeking only money damages because the administrative remedy cannot afford him either meaningful review or an appropriate remedy.

In 1996, Congress enacted the Prison Litigation Reform Act (PLRA), which amended 42 U.S.C. § 1997e(a) to provide that:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Id. This law makes clear that the exhaustion requirements apply to Bivens suits. The United States Supreme Court has interpreted this language, with direct reference to Bivens complaints seeking money damages only, to also mean that a prisoner is required "to exhaust the grievance procedures offered, whether or not the possible responses cover the specific relief the prisoner demands." Booth v. Churner, 532 U.S. 731, 738 (2001). The Supreme Court in Booth expressly found that Congress had replaced the text of the statute as construed in McCarthy v. Madigan, 503 U.S. 140 (1992), upon which plaintiff relies, to "preclude the McCarthy result." Booth, 532 U.S. at 740. The Court concluded that Congress "has mandated exhaustion clearly enough, regardless of the relief offered through

4

administrative procedures." Id. at 741; see Yousef v. Reno, 254 F.3d 1214, 1218 n.2 (10th Cir. 2001).

Plaintiff is not entitled to Rule 60(b) relief because he is making a new argument or presenting supporting facts that were available prior to dismissal of this action. Furthermore, the court finds that the argument he makes has no legal merit. In sum, plaintiff has failed to allege any change of circumstances since the entry of judgment herein and does not allege any circumstances warranting relief under Rule 60(b).

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Reconsideration (Doc. 9) is treated as a Motion under Fed.R.Civ.P. Rule 60(b) and denied.

**IT IS SO ORDERED**.

Dated this 25th day of October, 2011, at Topeka, Kansas.

                                      s/Sam A. Crow
                                      U. S. Senior District Judge